IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY FLETCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 12-489-SLR |
| ) | |
| GLADYS LITTLE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 4th day of June, having considered the various motions filed by plaintiff;

IT IS ORDERED that:

1. Plaintiff's motion to compel production of documents and interrogatories (D.I. 30) is **denied** as moot because the docket reflects that defendant filed a response (D.I. 43).

2. The court **reserves** its ruling on plaintiff's motion to compel discovery (D.I. 38), wherein he seeks permission to interview and take statements from two non-defendant correctional officers, pending a showing by plaintiff of his financial ability to pay for the costs associated with the depositions. Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. The court has no authority, however, to finance or pay for a party's discovery expenses. *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance

funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff); *Ronson v. Commissioner of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power,* 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

3. Plaintiff cannot depose non-parties without issuing subpoenas to compel their attendance. *See* Fed. R. Civ. P. 45. An inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees. *See Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995); *Fernandez v. Kash N'Karry Food Stores, Inc.*, 136 F.R.D. 495, 496(M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff). Moreover, the taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay. It is plaintiff's responsibility to pay the costs associated with the taking of depositions. The court grants plaintiff **twenty-one days** from the date of this order to make a showing that he is able to pay the expenses for taking of the depositions. **Failure to timely respond or to make an adequate showing will result in a denial of this motion.**

4. Plaintiff's second motion to compel (D.I. 43) is identical to his first motion to compel (D.I. 38). For the reasons outlined above, the court **reserves** its decision pending a showing by plaintiff (within **twenty-one days** from the date of this order) that he is able to pay the expenses for the taking of depositions. **Failure to timely respond or to make an adequate showing will result in a denial of this motion.**

5. Plaintiff's motion for a protective order (D.I. 46) is **granted in part and denied in part**, as follows:  (Request #1) denied as it relates to another inmate's disciplinary history; (Request #2) granted as it relates to underlying issues; and (Request #3) denied as overly broad.

6. Plaintiff's motion to compel documents (D.I. 48) is **denied** as overly broad.

7. Plaintiff's motion to compel (D.I. 49) is **granted in part and denied in part**, as follows:  (1) denied as overly broad; (2) denied as overly broad; (3) granted; (4) granted; and (5) denied as overly broad.

8. Plaintiff's motion for a ruling on his motions (D.I. 67) is **denied** as moot.

9. Plaintiff's motion to compel answers to his interrogatories (D.I. 68) is **granted in part and denied in part**, with respect to the first set of interrogatories (D.I. 40), as follows: (1) question #3 is denied as answered; (2) question #4 is denied as overly broad; (3) question # 5 is granted; (4) question #6 is denied as answered; (5) question #7 is denied as it seeks personal beliefs; (6) question #8 is granted; (7) question #9 is denied as answered; (8) question #10 is denied as it asks for personal beliefs; (9) question #11 is denied as answered; (10) question #12 is granted; (11) question #13 is

granted; (12) question #14 is denied as it seeks a legal conclusion; and (13) question #15 is denied as seeks it personal beliefs.

    10. With respect to the second set of interrogatories (D.I. 62), plaintiff's motion (D.I. 68) is **granted in part and denied** in part as follows: (1) denied as answered; (2) denied as answered; (3) denied as it seeks personal beliefs; (4) denied as it seeks legal conclusions; (5) granted; (6) granted; (7) denied as answered; (8) denied as answered; (9) denied as answered; (10) denied as answered; (11) denied as plaintiff has exceeded the permitted number of interrogatories under Fed. R. Civ. P. 33(a)(1); (12) denied as plaintiff has exceeded the permitted number of interrogatories under Fed. R. Civ. P. 33(a)(1); (13) denied as plaintiff has exceeded the permitted number of interrogatories under Fed. R. Civ. P. 33(a)(1); (14) denied as plaintiff has exceeded the permitted number of interrogatories under Fed. R. Civ. P. 33(a)(1); and (15) denied as plaintiff has exceeded the permitted number of interrogatories under Fed. R. Civ. P. 33(a)(1).

    11. Defendant shall submit all responses to requests identified above by **June 25, 2013.**

    IT IS FURTHER ORDERED that the scheduling order is amended as follows:

    1. All discovery shall be initiated so that it will be completed by **August 5, 2013.**

    2. All summary judgment motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before **September 5, 2013.**

Answering briefs and affidavits, if any, shall be filed on or before **September 19, 2013.**

Reply briefs shall be filed on or before **September 26, 2013.**

                                                                   */s/ Sue L. Robinson*
                                                           United States District Judge